IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | §   No. 3-11CR-031-B |
| v. | § |
| | §   Filed Under Seal |
| SYLVIA JEAN WILLETT (01), and | § |
| HUGH WILLETT (02) | §   SEALED |

# INDICTMENT

The Grand Jury charges:

## Introduction

At all times material to this Indictment, unless otherwise specified:

1. The Medicare Program ("Medicare") was a federal health care program providing benefits to individuals who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under United States Department of Health and Human Services. Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

2. Medicare was subdivided into multiple Parts. Medicare Part B covered physician's services and outpatient care, including an individual's access to durable medical equipment ("DME"), such as orthotic devices and other items to aid in recovery from surgery.

Indictment – Page 1

3. Orthotic devices were a type of DME that included rigid and semi-rigid devices such as hip braces, ankle-foot braces and back braces ("orthotics").

4. Other types of DME included inexpensive hip pillows designed to aid in recovery from surgery.

5. Individuals who qualified for Medicare benefits were commonly referred to as Medicare "beneficiaries." Each beneficiary was given a Medicare identification number.

6. DME companies, pharmacies, physicians, and other health care providers that provided services to Medicare beneficiaries were referred to as DME "suppliers." In order to participate in Medicare, DME suppliers were required to submit an application in which the suppliers agreed to comply with all Medicare-related laws and regulations. If Medicare approved a supplier's application, Medicare assigned the supplier a Medicare "supplier number." A DME supplier with a Medicare supplier number could file claims with Medicare to obtain payment for DME it rendered to beneficiaries.

7. A supplier was not permitted to convey, reassign, sell, or permit another DME supplier to use its supplier number, in order to obtain reimbursement from Medicare for DME.

8. Medicare paid DME companies and other health care providers for services rendered and items provided to beneficiaries. Medicare would generally pay for DME and related medications only if they were prescribed by the beneficiary's physician and were medically necessary to the treatment of the beneficiary's illness or injury.

9. To receive payment from Medicare, suppliers submitted or caused the submission of claims to Medicare for payment of services to beneficiaries, either directly or through a billing company.

10. CMS contracted with Durable Medical Equipment Regional Carriers ("DMERCs") to provide Medicare benefits and process claims for reimbursement. The DMERC that processed and paid Medicare DME claims in Texas was Cigna Government Services ("Cigna").

11. In order to bill Medicare for services rendered, a supplier submitted a claim form (Form 1500) to Cigna. When a Form 1500 was submitted, usually in electronic form, the supplier certified: (1) that the contents of the form were true, correct, and complete; (2) that the form was prepared in compliance with the laws and regulations governing Medicare; and (3) that the services rendered or items provided were medically necessary.

12. A Medicare claim for DME payment was required to set forth, among other things, the beneficiary's name and unique Medicare number, equipment provided to beneficiary, the date equipment was provided, the cost of equipment, and name and unique physician identification number of physician who prescribed or ordered equipment.

13. JS&H Orthopedic, Inc. (JS&H) was a Texas business entity doing business at 4410 West Vickery Boulevard, Suite 104, Fort Worth, Texas 76107-6200. Among other things, JS&H purported to provide orthotics and other DME to Medicare beneficiaries residing in the Dallas Division of the Northern District of Texas and

**Indictment – Page 3**

elsewhere. JS&H also filed claims seeking payment for DME purportedly provided to these Medicare beneficiaries.

## The Defendants

14. Defendant **SYLVIA JEAN WILLETT** was an owner and operator of JS&H.

15. Defendant **HUGH WILLETT** was employed by JS&H and was married to **SYLVIA JEAN WILLETT**.

## COUNT ONE
### Conspiracy to Commit Health Care Fraud
### (Violation of 18 U.S.C. § 1349)

16. Paragraphs 1 through 15 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

17. From in or around September 2008 through in or around December 2010, the exact dates being unknown to the Grand Jury, in the Northern District of Texas, and elsewhere, defendants **SYLVIA JEAN WILLETT** and **HUGH WILLETT** did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to violate Title 18, United States Code Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Conspiracy

18. It was a purpose of conspiracy for defendants and others to unlawfully enrich themselves by (a) submitting and causing the submission of false and fraudulent claims to Medicare, (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of proceeds from the fraud; and (c) diverting

proceeds of the fraud for the personal use and benefit of defendants and their co-conspirators.

## Manner and Means of the Conspiracy

The manner and means by which defendants and their co-conspirators sought to accomplish the purpose and object of conspiracy included, among other things:

19. Defendants **SYLVIA JEAN WILLETT** and **HUGH WILLETT**, and other co-conspirators known and unknown to the Grand Jury, would submit and cause the submission of claims from JS&H to Medicare for DME that was never actually provided.

20. **SYLVIA JEAN WILLETT** and **HUGH WILLETT**, and other co-conspirators known and unknown to the Grand Jury, would submit and cause the submission of claims from JS&H to Medicare for DME that was more expensive than the DME that was actually provided.

21. Defendants **SYLVIA JEAN WILLETT** and **HUGH WILLETT**, and other co-conspirators known and unknown to the Grand Jury, would submit and cause the submission of claims from JS&H to Medicare indicating that JS&H had delivered DME to Medicare beneficiaries outside the State of Texas when, in fact, JS&H had not delivered such DME.

22. Defendants **SYLVIA JEAN WILLETT** and **HUGH WILLETT**, and other co-conspirators known and unknown to the Grand Jury, would submit and cause the submission of at least $1.8 million in claims to Medicare for DME purportedly provided by JS&H, when in fact, JS&H did not provide the DME for which Medicare was billed.

23. After payments from Medicare were deposited into JS&H bank accounts, defendants **SYLVIA JEAN WILLETT** and **HUGH WILLETT**, and other co-conspirators known and unknown to the Grand Jury, would transfer proceeds of the fraud to themselves and other co-conspirators.

All in violation of Title 18, United States Code, Section 1349.

**Indictment – Page 7**

## COUNTS TWO through SIX
## Health Care Fraud
### (Violation of 18 U.S.C. §§ 1347 and 2)

24.  Paragraphs 1 through 15 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

25.  On or about the dates specified below, in the Northern District of Texas, and elsewhere, defendants **SYLVIA JEAN WILLETT** and **HUGH WILLETT,** aiding and abetting each other as well as others known and unknown to the Grand Jury, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services:

| Count | Defendant(s) | Medicare Beneficiary | Approx. Date of Claim | Description of Item Billed | Approx. Amount of Claim |
|---|---|---|---|---|---|
| 2 | SYLVIA JEAN WILLETT and HUGH WILLETT | D.S | 1/12/2009 | Prefabricated hip orthotic | $995 |
| 3 | SYLVIA JEAN WILLETT and HUGH WILLETT | D.G. | 3/16/2009 | Prefabricated hip orthotic | $995 |
| 4 | SYLVIA JEAN WILLETT and HUGH WILLETT | E.F. | 3/18/2010 | Prefabricated hip orthotic | $995 |
| 5 | SYLVIA JEAN WILLETT and HUGH WILLETT | C.R. | 6/10/2010 | Prefabricated hip orthotic | $995 |
| 6 | SYLVIA JEAN WILLETT and HUGH WILLETT | R.J. | 8/8/2010 | Prefabricated hip orthotic | $795 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE NOTICE
### (18 U.S.C. § 982(7))

Pursuant to 18 U.S.C. § 982(a)(7), upon conviction for any of the offenses charged in Counts 1-6 of this Indictment, the defendants **SYLVIA JEAN WILLETT** and **HUGH WILLETT** shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the respective offense.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), if any of the above-referenced property subject to forfeiture, as a result of any act or omission of any of the defendants, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendants up to the value of the previously-described property subject to forfeiture.

A TRUE BILL

_____
FOREPERSON

_/s/_

BENJAMIN D. SINGER
BENJAMIN A. O'NEIL
Trial Attorneys
SAM S. SHELDON, Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice
1301 New York Ave., NW
Washington, DC  20005
(202) 307-2005


JAMES T. JACKS
UNITED STATES ATTORNEY

_/s/_

SARAH SALDANA
Bar No. 05776775
Assistant United States Attorney
United States Attorneys Office
1100 Commerce, 3rd Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8600
Facsimile: (214) 767-4104
Email: Sarah.Saldana@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

v.

SYLVIA JEAN WILLETT (1)
HUGH WILLETT (2)

---

SEALED INDICTMENT

18 USC § 1349
*Conspiracy to Commit Health Care Fraud;*

18 USC §§ 1347 and 2
*Health Care Fraud;*

18 USC § 982
*Forfeiture Notice*

6 Counts

---

A true bill rendered

_____ /s/ _____
DALLAS                                                                FOREPERSON

Filed in open court this_____ day of February, 2011

---

_____
                                                                            Clerk
Warrants to Issue to all Defendants

__/s/ Irma Carrillo Ramirez  2/8/11_____
UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE
No Criminal Complaint Pending

*Criminal Case Cover Sheet* Revised 3/5/98
Case 3:11-cr-00031-B   Document 1   Filed 02/08/11   Page 12 of 13   PageID 12

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: __Yes  _X_ No
New Defendant: _X_ Yes  ___ No
Pending CR Case in NDTX: ___Yes  _X_ No (If yes, CR #:)
Search Warrant Case Number: _____
Rule 20 from District of: _____
Magistrate Case Number: _____

SEALED / ORIGINAL / RECEIVED FEB - 8 2011 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

3-11CR-031-B

1. **Defendant Information**

   Juvenile: ☐ Yes  [X] No
   Matter to be sealed: [X] Yes ☐ No

   Defendant Name: SYLVIA JEAN WILLETT (1)
   Alias Name: _____
   Address: _____

   County in which offense was committed: Dallas

2. **U.S. Attorney Information**

   Benjamin Singer          Bar # _____

3. **Interpreter**

   ☐ Yes  [X] No
   If Yes, list language and/or dialect: _____

4. **Location Status WARRANT TO ISSUE**

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: 6    ☐ Petty  ☐ Misdemeanor  [X] Felony

   | Citation | Description of Offense Charged | Count(s) |
   | --- | --- | --- |
   | 18 USC § 1349 | Conspiracy to Commit Health Care Fraud | 1 |
   | 18 USC §§ 1347 and 2 | Health Care Fraud | 2-6 |
   | 18 USC § 982(7) | Forfeiture Notice | |

   Date 2/7/11          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**ORIGINAL**  **SEALED**

**Related Case Information**

Superseding Indictment: __Yes  _X__No
New Defendant: __X_Yes  ___No
Pending CR Case in NDTX: ___Yes  _X__No (If yes, CR #:)
Search Warrant Case Number:_____
Rule 20 from District of: _____
Magistrate Case Number:_____

**RECEIVED FEB - 8 2011 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS**

1. **Defendant Information**

   Juvenile: ☐ Yes  ☒ No
   Matter to be sealed:
   ☒ Yes  ☐ No

   Defendant Name: HUGH WILLETT (2)
   Alias Name: _____
   Address: _____

   **3-11CR-031-B**

   County in which offense was committed: Dallas

2. **U.S. Attorney Information**

   Benjamin Singer            Bar #_____

3. **Interpreter**

   ☐ Yes  ☒ No
   If Yes, list language and/or dialect: _____

4. **Location Status WARRANT TO ISSUE**

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: 6    ☐ Petty  ☐ Misdemeanor  ☒ Felony

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 18 USC § 1349 | Conspiracy to Commit Health Care Fraud | 1 |
   | 18 USC §§ 1347 and 2 | Health Care Fraud | 2-6 |
   | 18 USC § 982(7) | Forfeiture Notice | |

   Date  2/7/11              Signature of AUSA: [signature]